UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D

JUL 1 7 2007

CLERK'S OFFICE
DETROIT

ALI SAREINI,

Plaintiff,

v.

CASE NO. 2:07-CV-12895
HONORABLE LAWRENCE P. ZATKOFF

MICHIGAN PAROLE BOARD,

Defendant.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before the Court is Plaintiff Ali Sareini's *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is a Michigan prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan. In his complaint, Plaintiff challenges a parole denial and asserts that he was denied due process during the parole proceedings. Plaintiff names the Michigan Parole Board as the defendant in this action.

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

1

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice.

Having reviewed the complaint, the Court finds that the United States District Court for the Western District of Michigan is a more appropriate forum for this action. The defendant Michigan Parole Board (and its members) reside in Ingham County for purposes of the present complaint. Ingham County lies in the Southern Division of the Western District of Michigan. 28 U.S.C. § 102(b).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. 28 U.S.C. §§ 1391(b) and 1404(a).

DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: July 17, 2007

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI SAREINI,
                    Plaintiff,

File No.

Case: 2:07-cv-12895
Assigned To: Zatkoff, Lawrence P
Referral Judge: Majzoub, Mona K
Filed: 07-11-2007 At 03:43 PM
PRIS SAREINI V MI PAROLE BOARD (EW)

CTB

vs.

MICHIGAN PAROLE BOARD
                    Defendant,
                                        /

## COMPLAINT

The plaintiff, In pro se, states the following:

### Introduction

1. This is an action for declaratory and injunctive relief under 42 U.S.C. §1983. The plaintiff is a prisoner in the custody of the Michigan Department of Corrections (MDOC) who was convicted, by plea, on August 16, 1989, and who was sentenced on September 7, 1889, to parolable life.

2. Plaintiff is serving a so-called parolable life sentence imposed for second-degree murder in 1989, in Detroit Recorder's Court by, Judge M. John Shamo (retired). In his Judgment of Sentence, Judge Shamo made two specific recommendations: (1) "Notify the U.S. Department of Justice, Bureau of Immigration release; Deportation proceedings will be initiated", and (2) "No objection to parole."

3. On November 24, 1998, after serving 10 years, and thus becoming eligible for parole, the parole board notified plaintiff in a Notice of Action of "no interest" in parole, and his file will be scheduled for review in five (5) years — November 16, 2003. No reason were giving for the board's no interest action.

4. On December 16, 2003, after serving 15 years, plaintiff is notified his file was reviewed for parole consideration, and the parole board, again in a Notice of Action has "no interest" in parole. Plaintiff's file review is once again scheduled in five (5) years -- November 16, 2008. Also again, no reasons were giving for the continued no interest in parole consideration.

## Conditions Precedent to this Action

5. Mareyem Jorgensen filed a Complaint for Writ of Habeas Corpus in the Wayne County Circuit Court to inquire into the cause for the continued restraint on plaintiff's liberty pursuant to MCL 791.233(1)(a)(d) and MCR 3.303.

6. On April 4, 2007, Detroit Circuit Court Judge, Timothy M. Kenny, issued an order denying the Writ of Habeas Corpus (Exhibit-A).

7. On April 20, 2007, plaintiff sought Leave to Appeal Judge Kenny's April 4, 2007, order in the Michigan Court of Appeals.

8. On May 3, 2007, the Court of Appeals issued an Order requesting plaintiff pay a partial filing fee of $22.00 within 21 days, or the Application for Leave to Appeal would be dismissed (Exhibit-B).

9. On May 8, 2007, plaintiff informed Appeal Court's Chief Clerk, Sandra Schultz Mengel, that plaintiff due to indigent status could not pay the partial fee. Plaintiff return the Application for Leave to Appeal to the Court.

10. On June 18, 2007, in a letter, Court of Appeal District Clerk, Hannah Watson, informed plaintiff that since the partial filing fee was not paid: "no appeal has been filed on your behalf." (Exhibit-C).

11. On June 26, 2007, plaintiff sought Leave to Appeal in the Michigan Supreme Court, the Court of Appeals dismissal for non-payment of partial filing fees, and Judge Kenny's April 4, 2007, Order denying the Writ of Habeas Corpus.

12. In a letter by Deputy Clerk, Inger Z. Meyer, plaintiff was informed

2

that his Leave to Appeal in the Michigan Supreme Court will not be filed because his pleadings were received beyond the rule-prescribed time limitation. Plaintiff had 42 days from the Court of Appeals decision in civil cases to file his Leave to Appeal with the Michigan Supreme Court (Exhibit-D).

13. The Michigan Supreme Court Clerk used the Appeals Court Order (Exhibit-B) giving plaintiff 21 days from May 3, 2007, to pay the partial filing fee or the Appeal would be dismissed. Plaintiff received a letter informing him of his Appeal not being filed on June 18, 2007 (Exhibit-C).

### Jurisdiction and Venue

14. Jurisdiction is conferred on this Court by 28 U.S.C. §1343(a); which authorizes federal courts to hear civil cases brought under 42 U.S.C. §1983.

15. Venue is proper in this Court because the defendant, parole board, conduct's its business across the state, including in the Eastern District, and is pursuant under Wilkinson v. Dotson, 544 U.S. 74; 125 Sct 1242 (2005), challenges to parole procedures are permitted to be brought under §1983.

### Plaintiff's Factual Allegations

16. Ali Sareini pled guilty in the Recorder's Court for the City of Detroit, before Judge M. John Shamo, to the charge of second-degree murder MCL 750.317. On September 7, 1989, Mr. Sareini was sentenced to a term of "parolable" life and deportation upon parole.

17. In his Judgment of Sentence, the judge made two specific recommendations. Judge Shamo stated: "Notify the U.S. Department of Justice, Bureau of Immigration release; Deportation proceedings will be initiated", and specifically stated: "No objection to parole."

18. On November 16, 1998, after serving ten (10) years, Mr. Sareini became eligible for parole consideration under MCL 791.234(6). Sareini was interviewed by a parole board member, and on November 24, 1998, Sareini received a perfunctory Notice of Action stating a "no interest" vote for parole. No reasons

3

were giving for the Board's action. Sareini, after the initial interview, is no longer interviewed; but rather is scheduled for a file review—November 16, 2003—every five (5) years.

19. On December 16, 2003, the parole board after claiming to have reviewed Mr. Sareini's file notified him in a Notice of Action of "no interest" in parole, and his next file review is scheduled—November 16, 2008—in five (5) years. Again, no reasons were giving to Sareini for the continued no interest in parole consideration. Under the latest parole tinkering—file review—policy; Sareini is still not advised how his file may qualify for parole consideration.

20. After being notified of the actions of the parole board, Mr. Sareini's plea and sentence Attorney, Robert Mitchell, in an affidavit stated:

> "There was every reason for Judge Shamo to give this man a reduced sentence. It was never intended that he would serve life in the pure sense. It was unanimously agreed that he would be given a life sentence with the expectation that he would be released in ten years. Otherwise our prolonged engagement over weeks in negotiation with the prosecutor's office would have been meaningless. At the time in 1989, if the opportunities were available in second degree cases. It was far better than a substantial number of years. There is absolutely no doubt Sareini's sentence was meant to be ten years. It is a travesty that he has not been released."

21. Mr. Sareini's former Attorney further obtained an affidavit from the sentencing Judge, John Shamo stating:

> "It is my earnest recollection that the Court did not anticipate that Ali Hassan Sareini would serve a life sentence by any stretch of the imagination. The Court was aware of the guidelines 10-25, but chose life as a minimum sentence. ... It was a sentence that mollified both camps. It is significant that even the deceased's family agreed to the lesser count. It is my opinion that a parolable sentence of ten years was the order of the day."

## Claim

22. It was with this information that plaintiff filed the Complaint for Writ of Habeas Corpus in the Detroit Circuit Court before Judge Timothy M. Kenny. Plaintiff argued that the parole board violated its statutory duty under MCL 791.233(1)(a)(d). The parole board is to provide that a prisoner shall

4

not be given his liberty on parole until the board has reasonable assurance a prisoner will not become a menace to society or to the public safety.

23. In sum, plaintiff was testing the legality of the continued restraint on his liberty in a Writ of Habeas Corpus before the Detroit Circuit Court, in light of the argument that he has served the intent of the sentence imposed, and due to his deportation to Lebanon meets the reasonable assurance mandated by statute before release to detainer.

## Relief Requested

Wherefore, the plaintiff asks the Court to:

(a) to review the Complaint for Writ of Habeas Corpus that was filed in the Detroit Circuit Court, and render if the denial was proper under the legal arguments presented;

(b) to reverse the denial of the Michigan Court of Appeals to file a Leave to Appeal for the lack of having the ability to pay the partial filing fee;

(c) to reverse the denial of the Michigan Supreme Court to file a Leave to Appeal due to time limitation calculated from the May 3, 2007, order giving 21 days to file, and not from the June 18, 2007, letter which notified plaintiff his appeal will not be filed;

(d) reverse the April 4, 2007, Detroit Circuit Court Order denying the Complaint for Writ of Habeas Corpus, and grant the Writ of Habeas Corpus;

(e) grant such further relief as the Court deems fair and just.

Respectfully submitted,

Ali Sareini (203519)                                           Dated: July 4, 2007
Plaintiff - In pro se.
Saginaw Correctional Facility
9625 Pierce Road
Freeland, Michigan  48623

Subscribed and sworn before me, this 3rd
day of July 07 , a Notary Public
in and for _____ County,
State of _____

Eric W. Bell

Notary Public
My Commission expires Sept 30 , 2007
Oct in Saginaw Co.

5

## STATE OF MICHIGAN

# IN THE THIRD JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE

## PEOPLE OF THE STATE OF MICHIGAN,

### Plaintiffs,

vs.

**HON. TIMOTHY M. KENNY**

**CASE NO. 88-015223-01**

**ALI SAREINI,**

### Defendant.

---

KYM L. WORTHY, (P38875)
Wayne County Prosecutor
1441 St. Antoine
Detroit, MI 48226
(313)224-5777

Ali Sareini, #203519
Saginaw Correctional Facility
9625 Pierce Road
Freeland, Michigan 48623

---

At a session of this Court in the
Frank Murphy Hall of Justice,
City of Detroit,
County of Wayne, on this date:
April 4, 2007

## ORDER

Pursuant to MCR 3.303(D)(1)(b), Ali Sareini's action for habeas corpus is

DENIED for the reason that Ali Sareini is lawfully in the custody of the Michigan

Department of Corrections, following this Court's denial of Ali Sareini's motion for relief

from judgment.

IT IS SO ORDERED.

4/4/07
Date

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK
DEPUTY CLERK
BY

Timothy M. Kenny
Circuit Court Judge

# IN THE MICHIGAN COURT OF APPEALS

## ORDER

Re: **Ali Sareini v Parole Board**
Docket No. **277515**
L.C. No. **88-015223-01**

William C. Whitbeck, Chief Judge, acting under MCR 7.211(E)(2), orders:

The motion to waive fees pursuant to MCR 7.202(4) and 7.204(B)(2) is DENIED because MCL 600.2963 mandates that a prisoner pursuing a civil action be liable for the filing fees.

Within 21 days of the certification of this order, appellant shall pay to the Clerk of the Court the initial partial filing fee of **$22.00**, shall submit a copy of this order with the payment, **and shall refile the pleadings which are being returned with this order**. If appellant timely files the partial fee and refiles the pleadings, appellant may not file another appeal or original action in this Court until such time that either the Department of Corrections remits or appellant pays the entire outstanding balance due. 1999 PA 147, MCL 600.2963(8). Failure to comply with this order shall result in the appeal not being filed in this Court.

If appellant timely files the partial fee and refiles the pleadings, monthly payments shall be made to the Department of Corrections in an amount of 50 percent of the deposits made to appellant's account until the payments equal the balance due of **$353.00**. This amount shall then be remitted to this Court. Again, appellant may not file either an original action or an appeal until appellant pays the entire outstanding balance due. 1999 PA 147, MCL 600.2963(8).

The Clerk of this Court shall furnish two copies of this order to appellant and return appellant's pleadings with this order.

A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

MAY 03 2007
Date

Sandra Schultz Mengel
Chief Clerk

WHITBECK
CHIEF JUDGE
AN K. ZAHRA
CHIEF JUDGE PRO TEM
DAVID H. SAWYER
WILLIAM B. MURPHY
MARK J. CAVANAGH
JANET T. NEFF
KATHLEEN JANSEN
E. THOMAS FITZGERALD
HELENE N. WHITE
HENRY WILLIAM SAAD
RICHARD A. BANDSTRA
JOEL P. HOEKSTRA
JANE E. MARKEY
PETER D. O'CONNELL
MICHAEL R. SMOLENSKI

MICHAEL J. TALBOT
KURTIS T. WILDER
PATRICK M. METER
DONALD S. OWENS
JESSICA R. COOPER
KIRSTEN FRANK KELLY
CHRISTOPHER M. MURRAY
PAT M. DONOFRIO
KAREN FORT HOOD
BILL SCHUETTE
STEPHEN L. BORRELLO
ALTON T. DAVIS
DEBORAH A. SERVITTO
JUDGES

SANDRA SCHULTZ MENGEL
CHIEF CLERK

(EXhiBiT-C)



State of Michigan
# Court of Appeals
## Lansing Office

June 18, 2007

SAREINI ALI #203519
SAGINAW CORR FACILITY
9625 PIERCE RD
FREELAND MI 48623

RE:   ALI SAREINI V PAROLE BOARD
       Court of Appeals No. 277515
       Lower Court No. 88-015223 01

Dear Appellant:

On 05/03/2007 you were ordered to pay a filing fee in the above-captioned matter within 21 days. Since the fee was not paid within the 21 days as ordered, no appeal has been filed on your behalf.

Any further documents submitted to this Court related to this matter will be returned to you.

Yours very truly,

Hannah Watson
District Clerk

/MWOLCOTT
CC: CHESTER S SUGIERSKI JR

DETROIT OFFICE
CADILLAC PLACE
3020 W. GRAND BLVD. SUITE 14-300
DETROIT, MICHIGAN 48202-6020
(313) 972-5678

TROY OFFICE
COLUMBIA CENTER
201 W. BIG BEAVER RD. SUITE 800
TROY, MICHIGAN 48084-4127
(248) 524-8700

GRAND RAPIDS OFFICE
STATE OF MICHIGAN OFFICE BUILDING
350 OTTAWA, N.W.
GRAND RAPIDS, MICHIGAN 49503-2349
(616) 456-1167

LANSING OFFICE
925 W. OTTAWA ST.
P.O. BOX 30022
LANSING, MICHIGAN 48909-7522
(517) 373-0786

COURT OF APPEALS WEB SITE – http://courtofappeals.mijud.net

(EXHIBIT-D)



# Michigan Supreme Court
## Office of the Clerk
Michigan Hall of Justice
P.O. Box 30052
Lansing, Michigan 48909
Phone (517) 373-0120

ALI SAREINI
#203519
9625 PIERCE RD
FREELAND MI 48623

Re:     ALI SAREINI V PAROLE BOARD,  CoA # 277515

This office recently received from you pleadings intended for filing with this Court. We are not able to file same because your pleadings were received beyond the rule-prescribed time limitation. See MCR 7.302(C)(2):

**42** days from the Court of Appeals decision in civil cases.

Because the rules provide for <u>no exception</u> to the time limitation, your papers are herewith returned and the Court will not accept any further pleadings with respect to this matter.

CORBIN R. DAVIS, Supreme Court Clerk

By _____
Inger Z. Meyer, Deputy Clerk

Dated: 06/26/2007

cc: C. Sugarski  P2629

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Ali Sareini,

      Petitioner-In Pro se,

vs.

Case No: 88-015223-01
Hon: Timothy M. Kenny

John S. Rubitschun, et al.
Chairman, Michigan Parole Board
P.O. Box 30003
Lansing, Michigan 48909

Mike Cox (Attorney General)
Address: Same as below

      Respondents.



Ali Sareini #203519
Defendant-In pro se
9625 Pierce Road
Freeland, MI 48623

Mike Cox
Attorney General
Attorney for Respondents
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909

## COMPLAINT FOR WRIT OF HABEAS CORPUS

There is no other civil action between these parties arising out
of the same transaction or occurrence as alleged in this complaint
pending in this Court, nor has any such action been previously
filed and dismissed or transferred after having been assigned to
a judge, nor do I know of any other civil action, between these
parties, arising out of the same transaction or occurrence as
alleged in this complaint that is either pending or was previously
filed and dismissed, transferred or otherwise disposed of after
having been assigned to a judge in this Court.

   1. Petitioner, in this case, concedes that he was validly convicted and
sentenced, and does not challenge his conviction or sentence in this complaint.
Rather, through this habeas corpus pursuant to MCR 3.303 petitioner seeks to
inquire into the cause of his continuing loss of liberty. The Department of

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Ali Sareini,

      Petitioner-In Pro se,

vs.

John S. Rubitschun, et al.
Chairman, Michigan Parole Board
P.O. Box 30003
Lansing, Michigan 48909

Mike Cox (Attorney General)
Address: Same as below

      Respondents.

_____

Ali Sareini #203519
Defendant-In pro se
9625 Pierce Road
Freeland, MI 48623

Mike Cox
Attorney General
Attorney for Respondents
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909

_____

Case No: 88-015223-01
Hon: Timothy M. Kenny



RETURNED
MAY 03 2007
COURT OF APPEALS
FOURTH DISTRICT
Sandra Schultz Mengel, Chief Clerk

## COMPLAINT FOR WRIT OF HABEAS CORPUS

      There is no other civil action between these parties arising out
of the same transaction or occurrence as alleged in this complaint
pending in this Court, nor has any such action been previously
filed and dismissed or transferred after having been assigned to
a judge, nor do I know of any other civil action, between these
parties, arising out of the same transaction or occurrence as
alleged in this complaint that is either pending or was previously
filed and dismissed, transferred or otherwise disposed of after
having been assigned to a judge in this Court.

    1. Petitioner, in this case, concedes that he was validly convicted and
sentenced, and does not challenge his conviction or sentence in this complaint.
Rather, through this habeas corpus pursuant to MCR 3.303 petitioner seeks to
inquire into the cause of his continuing loss of liberty. The Department of

Corrections in general, and the parole board specifically, have extended petitioner's loss of liberty beyond that specified by the sentencing judge and State statute MCL 791.233(1)(a)(d); which mandates that a prisoner shall not be given his liberty on parole until the board has reasonable assurance a prisoner will not become a menace to society or to the public safety.

2. In sum, petitioner is testing the legality of the continued restraint on his liberty in light of the argument that he has served the intent of the sentence imposed. MCL 791.234; Cross v Department of Corrections, 103 Mich App 409 (1981); Hinton v Parole Board, 148 Mich App 235, 244-245 (1986). Mich Const. 1963, Art 1, §17; U.S. Const. Amd 14. **Note: Discharge for deportation amounts to conditional pardon.** Op. Atty. Gen. 1926-28, p. 354.

## JURISDICTION

3. Jurisdiction is invoked pursuant to MCR 3.303(1),(2), and MCL 600.4307, notwithstanding MCL 600.§4310. Caley v Hudson, 759 F.Supp. 378, 380-381 (E.D. Mich. 1991). The discretionary power of the parole board does not deprive this Court of jurisdiction to review the merits of petitioner's arguments in a writ of habeas corpus. Cross, supra; Caley, 380-381.

## VENUE

4. This Court has Venue pursuant to MCR 3.303(2), and MCL 600.4307; Billingsley v Birzgalis, 20 Mich App 279, 281 (1969); Caley, 381.

## PARTIES

5. Petitioner Ali Sareini (203519) is a State Prisoner, restrained of his liberty, and in the custody of the Department of Corrections, imprisoned at the Saginaw Correctional Facility; 9625 Pierce Road, Freeland, Michigan 48623.

6. John S. Rubitschun is Chairman of the parole board which is responsible for petitioner's parole consideration and continued loss of liberty.

## FACTS

7. On August 16, 1989, petitioner pled guilty to second degree murder without a gun before the Honorable M. John Shamo in the Wayne County Circuit Court.

8. On September 7, 1989 petitioner was sentenced to a term of parolable life. Court's recommendations on the Judgment of sentence were: "Notify U.S. Department of Justice, Bureau of Immigration upon release; Deportation

proceeding will be initiated", and "No objections to parole."

9. Judge Shamo noted in the sentencing transcript the following:

"I want the record to reflect the guidelines are ten years to twenty-five years. Or life as a minimum sentence. ... I note on the pre-sentence report and I want this read into the record, the U.S. Department of Justice Bureau of Immigration and Naturalization has advised the writer of this pre-sentence report in view of the conviction the Defendant's case will be turned over to the Alien Criminal Apprehension Program." (Sentencing Tr. p7, 9-10).

10. On November 11, 1997, the U.S. Department of Justice Immigration and Naturalization Service issued an Immigration Detainer against petitioner.

11. On November 16, 1998, after serving 10 years, petitioner became eligible for parole and eventual deportation. On November 24, 1998 the parole board notified petitioner in a Notice of Action of "no interest", and the next interview is scheduled in five (5) years on November 16, 2003. No reasons were given for the parole board's action.

12. The parole board maintains that a number of factors are taken into consideration when reviewing a parolable life sentence. They include "the nature and circumstances of the offense, any prior criminal history, the prisoner's risk factors for future assaultive behavior and property offenses, and the prisoner's institutional conduct and program involvement over the years." Petitioner is not advised how he does not qualify in meeting any of these factors. He is to blindly trust the board, and assume he does not qualify.

13. On March 10, 2000 the parole board no longer interviewed lifers; but rather is only required to review petitioner's file every five (5) years.

14. The parole board has never informed petitioner why it continues to lack reasonable assurance that he would not become a menace to society or to the public safety if paroled to detainer. The board only request's that he mail documents before a parole consideration file review. No interview is held to give an opportunity to be heard, nor is the petitioner informed in what respect he does not qualify for parole consideration. Lee v Withrow, 76 F.Supp.2d 789, 793 (E.D. Mich 1999). The board only issues a finding of "no interest" as the action it takes in petitioner's file review. Juarez v Renico, 149 F.Supp.2d 319, 324 (E.D. Mich 2001).

15. In an affidavit petitioner's plea and sentence attorney, Robert Mitchell, after being notified of the action of the parole board states the following:

"There was every reason for Judge Shamo to give this man a reduced sentence. It was never intended that he would serve life in the pure sense. It was unanimously agreed that he would be given a life

(3)

sentence with the expectation that he would be released in ten years. Otherwise our prolonged engagement over weeks in negotiation with the prosecutor's office would have been meaningless. At the time in 1989, defense counsels were requesting life sentences in murder cases, if the opportunities were available in second degree cases. It was far better than a substantial number of years. There is absolutely no doubt Sareini's sentence was meant to be ten years. It is a travesty that he has not been released."

16. Petitioner's attorney, Robert Mitchell, further obtain an affidavit from retired sentencing Judge, M. John Shamo, stating:

"It is my earnest recollection that the Court did not anticipate that Ali Hassan Sareini would serve a life sentence by any stretch of the imagination. The Court was aware of the guidelines 10-25, but chose life as a minimum sentence. ... It was a sentence that mollified both camps. It is significant that even the deceased's family agreed to a lesser count. It is my opinion that a parolable sentence of ten years was the order of the day."

17. On November 16, 2003, after serving 15 years, petitioner is told his file was reviewed for parole consideration. On December 16, 2003 the parole board notified him in a Notice of Action of "no interest", and the next file review is scheduled in five (5) years on November 16, 2008. Again, no reasons are given to petitioner for the continued no interest in parole consideration.

18. In a letter from the parole board the same factors outlined in the above referenced number 12 were once again enumerated. And once again, the petitioner is not advised how he does not qualify in meeting these factors. Even under the file-review policy he is still not advised how his file may qualify for parole consideration. Petitioner is to blindly continue to trust the board, and assume he still does not qualify for parole consideration.

19. The facts of this case are undisputed, and will be expanded in argument.

## ARGUMENT

20. Though there is a quasi-suspect class of prisoners who are parole eligible and eventually deportable, petitioner does not argue on their behalf. Nonetheless, petitioner narrowly argue's that his suspect situation might implicate a fundamental constitutional right and subject his case to heightened equal protection scrutiny. Mich Const. 1963, Art 1, §17; U.S. Const. Amd 14.

21. Petitioner must ask this Court to apply the rational-basis standard of review because the challenged practice of the board is speculative at best. Under the following circumstances he can only test the "no interest" action of the board by means of a complaint for habeas corpus. Jackson v Jamrog, 411

F.3d 615, 619 (6th cir 2005).

22. In all the fundamental ways petitioner can argue his right of due process and equal protection he is administratively denied. In not having the board's reasons for "no interest", he cannot inquire into:

A. how the board has determined that nine years of continued restraint on his liberty has not qualified for parole consideration, or

B. how the decision of "no interest" is reached, so that, petitioner is allowed to allege the board lacks the neutrality and detachment required by due process of a decision maker, or

C. how continued restraint on his liberty relates to a legitimate state interest, and rational concerns about community safety, or the "best interests of socity." Lee, 793; U.S. Const. Amd 5, 14.

23. The U.S. Supreme Court specifically declared that habeas corpus was the proper vehicle by which to challenge the duration of a physical confinement. Preiser v Rodriquez, 411 U.S. 475; 93 S.Ct. 1827; 36 L.Ed 2d 439 (1973). Petitioner has virtually unlimited right to file and inquire, under any pretense whatsoever, into the cause of the continued restrain on his liberty. Cross, Supra; Caley, 380-381; Mich Const. 1963. Art 1, §12, 17; U.S. Const. Amd 14.

24. This Court could find, in this case, since petitioner is not challenging his conviction or sentence that the authority of the parole board to continue the restraint on his liberty is an arbitrary and capricious abuse of discretion. The board has never stated it lacked reasonable assurance that petitioner would not become a menace to society or the public safety if he was paroled to immigration detainer. The none existence of any known reasons by the board in denying petitioner parole consideration deprives him of his right to due process flow and equal protection. Juarez, 321-324; U.S. Const. Amd 14.

25. For the board to claim petitioner has not been deprived of his constitutional due process, at a minimum, it must give him an opportunity to be heard, reasons as to why the board has determined that he does not qualify, and what corrective steps he can take in order to better position himself for parole consideration. Thus, since there is no evidence to evaluate if the board's decision is an arbitrary and capricious abuse of discretion. Speculation becomes the reason in the board's "no interest" action. Lee, 793.

26. The enviable position is the board can claim the absence of evidence in its "no interest" action, with respect to petitioner, is not denial of a constitutional right, and the court should not interfere with the board's exercise of its discretion in denying parole to detainer. Juarez, 324.

27. The parole system is to serve the public-interest in rehabilitation and deterrence. The board can be specific or general in respect to how petitioner does not qualify for parole consideration. However, the board cannot encrypt the conditions and factors that are considered for parole in a "no interest" catch all phrase. In such a situation the board can never be held to have violated petitioner's due process right. Lee, 793.

28. Having no writing reasons why petitioner has been denied parole consideration to detainer and deportation twice, five years each time, he can only speculate. The lack of, or otherwise, known reasons in the "no interest" action must also cause this Court to speculate if the decision and discretion of the board is based on any factors at all. The board's decision making should center on making a diagnostic and predictive determination why the welfare of society would generally be better served by petitioner's continued physical confinement then by granting him conditional pardon to detainer to be deported. Juarez, 324; Conditional pardon Op. Atty. Gen. 1926-28, p. 354.

29. The lack of a record by the board precludes this Court from applying the rational-basis test that the board has some legitimate reason for continuing petitioner's loss of liberty past the sentencing judge's belief that he would become eligible--in 10 years--and be paroled to detainer and deported. The Court can't be persuaded, in this case, that the board has a legitimate interest in the continued restraint on petitioner's liberty. Juarez, 325.

30. The board's continued restraint on petitioner's liberty, who is deportable and eligible under his sentence and law, defeat's the interest of the state in its duty to protect the public health, safety, and welfare. Petitioner, analogous with state's arguments in previous cases on its duties, also contends that the financial burden on the state's budget have undergone continued increases due to the board's continued restraint on the liberty of prisoners who are parole eligible and deportable. Jackson, 619-621.

31. The board has a rational-basis in protection of the state's budget as an additional justification for paroling petitioner to detainer and deportation, who is eligible under the law. This court should be compelled under rational-basis review to accept the petitioner's generalizations even when there is an imperfect fit between means and ends. Jackson, 620.

32. Thus, a writ of habeas corpus must issue to inquire into the reasons petitioner is continually being restrained of his liberty. This Court, as in this case, should contemplate that the act or omission by the parole board

in its "no interest" action is a radical jurisdictional defect by state authorities that clearly contravenes an express legal requirements in due process and equal protection. Hinton, supra, 245.

## RELIEF REQUESTED

WHEREFORE, for all the foregoing reasons, petitioner respectfully request that this Honorable Court GRANT this writ of habeas corpus and inquire into the reasons petitioner is denied parole consideration to detainer and deportation by the parole board's "no interest" action.

Respectfully Submitted,


Ali Sareini (203519)                          Dated: 2-27 , 2007
Petitioner In Pro se.


Prepared by:                                         Photo copy: file
                                                              file
                                                    Attorney General's Office
                                                    Wayne County Prosecutor
Mareyen Jorgensen
Interested citizen
1030 S. Gulley Road
Dearborn Heights, MI 48125-1028


(7)

ORIGINAL

## CERTIFICATE OF PRISONER ACCOUNT ACTIVITY
## AND AFFIDAVIT REGARDING SUSPENSION OF PRISONER FEES/COSTS

| Prisoner-Plaintiff/Petitioner/Appellant Name & Number | v | Defendant's/Respondent's/Appellee's Name & Number |
|---|---|---|
| Ali Sareini/#203519 | | Michigan Parole Board |

### CERTIFICATE OF PRISONER ACCOUNT ACTIVITY

I am employed by the Michigan Department of Corrections at the facility identified below, at which the prisoner identified as the Plaintiff/Petitioner/Appellant/Defendant is currently incarcerated.

Attached is a computer printout which accurately reflects the current spendable balance and all activity within this prisoner's account during the preceding twelve months or, if the prisoner has been incarcerated for less than twelve months, for the period of incarceration. Code "C" on the printout represents a withdrawal from the account and code "D" represents a deposit to the account. The attached printout reflects, for the reported period, an **average monthly account deposit** (i.e., total deposits divided by number of months) of **$35.92** and an **average monthly account balance** (i.e., total deposits minus total withdrawals divided by number of months) of **$0.00**. There is a current **spendable account balance** of **$0.00**.

Date: June 21, 2007

Becky Q. Scherf, Administrative Officer
Saginaw Correctional Facility

**Note: Bottom section to be completed by prisoner and sent by prisoner to a Michigan court along with State civil pleading/claim of appeal.**

### AFFIDAVIT REGARDING SUSPENSION OF PRISONER FEES/COSTS

1.  I am the Plaintiff/Respondent/Appellant in the attached pleading/petition/claim of appeal.

2.  I am asking the court for suspension of filing fees and costs because I am indigent as reflected in the Certificate of Prisoner Account Activity and attached computer print-out.

Prisoner's Signature

Subscribed and sworn to before me, a Notary Public,
this _22_ day of _June_ , _2007_.

My Commission Expires: April 25, 2013

Case: 2:07-cv-12895
Assigned To: Zatkoff, Lawrence P
Referral Judge: Majzoub, Mona K
Filed: 07-11-2007 At 03:43 PM
PRIS SAREINI V MI PAROLE BOARD (EW)

Document

DANIEL T. FORTIER, Notary Public
State of Michigan
County of Saginaw
My Commission Expires April 25, 2007
Acting in the County of Saginaw

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 07-12895 | Judge: Lawrence P. Zatkoff | Magistrate Judge: Mona K. Majzoub |
|---|---|---|

| Name of 1st Listed Plaintiff/Petitioner: | Name of 1st Listed Defendant/Respondent: |
|---|---|
| ALI SAREINI | MICHIGAN PAROLE BOARD |

| Inmate Number: 203519 | Additional Information: |
|---|---|

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Saginaw Correctional Facility

9625 Pierce Road
Freeland, MI 48623
SAGINAW COUNTY

---

**BASIS OF JURISDICTION**
   ☐ 2 U.S. Government Defendant
   ☒ 3 Federal Question

**NATURE OF SUIT**
   ☐ 530 Habeas Corpus
   ☐ 540 Mandamus
   ☒ 550 Civil Rights
   ☐ 555 Prison Conditions

**ORIGIN**
   ☒ 1 Original Proceeding
   ☐ 5 Transferred from Another District Court
   ☐ Other:

**FEE STATUS**
   ☒ IFP *In Forma Pauperis*
   ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes     ☒ No
   ➢ If yes, give the following information:

        Court: _____

        Case No: _____

        Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes     ☒ No
   ➢ If yes, give the following information:

        Court: _____

        Case No: _____

        Judge: _____